**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| JOSEPH RUSHING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:05-CV-0329 TLS |
| | ) | |
| GRANT COUNTY MEDICAL STAFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Joseph Rushing, a prisoner committed to the Indiana Department of Correction submitted a complaint dealing with medical problems he had at the Grant County Jail. Mr. Rushing names the Grant County Medical Staff as the sole defendant, though he mentions Dr. Robie, and Terry Neal in the body of the complaint. Mr. Rushing alleges that while he was at the jail he suffered from an excrutiatingly painful "dreadful skin rash" that left him scarred "physically as well as mentally."

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule

8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Rushing brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

The "Grant County Medical Staff" is not a proper defendant because a defendant in a § 1983 action must be a "person." Mr. Rushing could proceed against individuals such as Dr. Robie and Terry Neal if he states a claim upon which relief can be granted.

Mr. Rushing seeks damages for conditions of confinement at the Grant County Jail while he was held there either as a pretrial detainee or after he was convicted. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant

was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373.

The Seventh Circuit has emphasized that "Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. at 73, 104 S.Ct. 2229.

Mr. Rushing alleges that the defendants he suffered from an excrutiatingly painful "dreadful skin rash" that left him scarred "physically as well as mentally." Giving him the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that Mr. Rushing can prove no set of facts in support of his deliberate indifference claim that would entitle him to relief, though not against the defendant named in the complaint. But because Mr. Rushing is aware of the identities of the persons he believes were deliberately indifferent to his serious medical needs, he may amend his complaint to add them as defendants.

For the foregoing reasons, the court:

(1) DENIES the plaintiff leave to proceed against the Grant County Medical Staff, and pursuant to 28 U.S.C. § 1915A(b)(2), DISMISSES the Grant County Medical Staff;

(2) DIRECTS the clerk to enclose a 42 U.S.C. § 1983 Prisoner Complaint packet with a copy of this order sent to the plaintiff;

(3) AFFORDS the plaintiff to and including June 29, 2006, within which to file an

3

amended complaint naming the proper defendants and providing the court with the materials necessary to serve them with process, and

(4) ADVISES the plaintiff that if he does not file an amended complaint, the court will dismiss this cause of action without prejudice for failure to prosecute.

SO ORDERED on June 1, 2006

    /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT